UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION
CASE NO.

ENOS GONZALEZ,

      Plaintiff,

v.

GRANDMA INC. d/b/a Umberto's Pizza of Long Island
and ROSETTA CORTEO

      Defendants.

_____/

## COMPLAINT

Plaintiff, Enos Gonzalez, by and through his undersigned attorney, files this Complaint against Defendants, Grandma Inc. d/b/a Umberto's Pizza of Long Island and Rosetta Corteo, stating as follows:

### PARTIES, VENUE, AND JURISDICTION

1. This is an action to recover unpaid overtime wages under the Fair Labor Standards Act, as amended, 29 U.S.C. § 201 et. seq, (hereinafter "FLSA").

2. The court has jurisdiction based on 29 U.S.C. §216(b).

3. Defendant, Grandma Inc., operates a restaurant on Commercial Blvd. in Fort Lauderdale, named Umberto's Pizza of Long Island.  By way of operating this business, Defendant is engaged in commerce or in the production of goods for commerce as defined in §3(r) and 3(s) of the FLSA, 29 U.S.C. §203(r) and 203(s).

4. Corporate Defendant has two or more employees who handle, sell, or otherwise work on goods or materials that have been moved in or produced for commerce.

5. Upon information and belief, Defendant exceeds the $500,000 annual gross revenue threshold needed to be covered under the FLSA.

6. Defendant, Rosetta Corteo, is a manager and owner of Corporate Defendant. She interacted with Plaintiff regularly including being responsible for his wages and hours and ultimately his termination. She is considered an employer under the 29 U.S.C. §203(d) as she directly interacted with Plaintiff in regard to his pay and continued/terminated employment with the Corporate Defendant.

7. Plaintiff was an employee of Defendants. He was employed as a pizzaiolo. In this capacity, Plaintiff was tasked with making, cutting, and preparing pizzas for guests of the restaurant. He also helped open and close the restaurant each morning and night.

8. At all times material, Plaintiff was and is a resident of Broward County, FL.

9. This Court has jurisdiction over Defendants because they engaged in substantial business activity within the District, Plaintiff was employed in the District, and all of the allegations in this Complaint occurred in the District.

10. Venue is proper due to the unlawful employment practices alleged occurring in Broward County.

**FACTS**

11. Plaintiff was employed with Defendants for over 16 years. His duties have always been to make pizza for Defendants.

12. For the last 6 years, Plaintiff has been making $18 per hour. This translates to an overtime rate of $27 per hour.

13. Plaintiff regularly worked approximately 72 hours per week. His schedule was from 10a to 10p, 6 days per week.

14. The restaurant opens at 11a and the kitchen closes at 9:15p, but Plaintiff has to prepare the pizza for the opening of the restaurant and close it down for the night, thus causing him to start before opening and finish after closing each day.

15. Plaintiff was only ever paid straight time and never overtime despite working more than 40 hours per week.

16. Defendants kept track of Plaintiff's hours using a punch clock.  Each week, Defendants would pay Plaintiff in cash after signing for a receipt that displayed his hours worked.

17. In January 2022, Plaintiff wanted a raise because he had not received one in 6 years.  He also brought up his lack of overtime pay.  Defendants refused both requests and terminated Plaintiff instead.

18. Plaintiff was always made to work in excess of 40 hours per week. Each of his hours worked in excess of 40 hours requires overtime premium pay.

19. Plaintiff was not given appropriate additional compensation for his extra hours of work.

20. Plaintiff's estimated owed overtime comes to $44,064.00.  This is calculated at a rate of $9 per hour for 32 hours per week over nearly 3 years.

21. Defendants knowingly and willfully failed to pay Plaintiff his lawfully earned wages in compliance with the FLSA and are liable for monetary damages.

22. In determining payment policies, specifically not paying overtime pay for Plaintiff, Defendants did not consult an attorney.

23. In determining payment policies, specifically not paying overtime pay for Plaintiff, Defendants did not consult an accountant.

24. In failing to confer with a professional such as an attorney or an accountant, Defendants have shown that they have willfully disregarded the FLSA.  Plaintiff is thus entitled to a 3

year statute of limitations.

25. As Plaintiff was an hourly employee, there can be no grounds that Defendants acted in good faith by failing to pay overtime. Therefore, Plaintiff should be entitled to liquidated damages.

## COUNT I
## VIOLATION OF 29 U.S.C. § 207 (FAILURE TO PAY OVERTIME)

26. Plaintiff repeats and realleges Paragraphs 1 through 25 as if fully set forth herein.

27. At all times relevant, Defendants have been, and continue to be respectively, an "employer" engaged in interstate commerce and/or in the production of goods for commerce, within the meaning of the FLSA.

28. During his employment, Plaintiff worked in excess of forty (40) hours per week for which he was not compensated at the statutory rate of 1.5x his regular rate of pay for all of those hours worked.

29. Plaintiff was entitled to be paid at the rate of 1.5x his regular rate of pay for all his hours worked in excess of the maximum hours (40 hours) as he is entitled under the FLSA.

30. Defendants failed to pay overtime wages to Plaintiff for hours worked in excess of forty hours per week.

31. By failing to compensate Plaintiff at a rate of not less than 1.5x his regular rate of pay for work performed in excess of forty hours in a workweek, Defendants have violated the FLSA, 29 U.S.C. §§ 201 et seq., including 29 U.S.C. § 207(a)(1) and §215(a).

32. Should it be discovered that Defendants failed to record, report, and/or preserve records of hours worked by Plaintiff, Defendants will have failed in their duty as employers prescribed under the FLSA, 29 U.S.C. §§ 201 et seq., including 29 U.S.C. § 211(c) and § 215(a).

33. Defendants' conduct is a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

34. Defendants owe the Plaintiff for the hours worked in excess of 40 hours in a workweek at a rate of not less than 1.5x his regular rate of pay for each of those hours.

35. Defendants failed to properly disclose or apprise Plaintiff of his rights under the FLSA.

36. Due to Defendants' willful disregard of the FLSA and a lack of good faith in applying the FLSA, Plaintiff is entitled to liquidated damages and a 3 year statute of limitations.

37. Defendants knowingly and willfully failed to pay Plaintiff 1.5x his regular rate of pay for all hours worked in excess of forty (40) per week. Accordingly, Plaintiff has suffered damages for unpaid overtime wages, plus an equal amount in liquidated damages, costs and reasonable attorneys' fees.

## COUNT II
## VIOLATION OF 29 U.S.C. § 215 (RETALIATION)

38. Plaintiff repeats and realleges Paragraphs 1 through 37 as if fully set forth herein.

39. At all times relevant, Defendants failed to pay Plaintiff his owed overtime wages.

40. Plaintiff complained to Defendants about the failure to pay overtime wages in January 2022.

41. After Plaintiff complained about his owed overtime wages, Defendants immediately terminated Plaintiff.

42. Section 15(a)(3) of the FLSA states that it is a violation for any person to "discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this Act, or has testified or is about to testify in any such proceeding, or has served or is about to serve on an industry committee."

43. Because section 15(a)(3) prohibits "any person" from retaliating against "any employee" both Defendants are liable for damages against Plaintiff.

44. Any employee who is "discharged or in any other manner discriminated against" because he has objected to the failure to pay overtime may file private cause of action seeking appropriate remedies including, but not limited to, employment, reinstatement, lost wages and an additional equal amount as liquidated damages.

45. At all relevant times, Plaintiff was an "employee" and Defendants were each an "employer" as those terms are defined by 29 U.S.C. § 203.

46. Defendants retaliated against Plaintiff in violation of the FLSA by terminating Plaintiff after Plaintiff requested unpaid overtime wages.

WHEREFORE, Plaintiff, Enos Gonzalez, respectfully requests that judgment be entered in his favor against Defendants as follows:

A. Declaring that Defendants violated the overtime provisions of 29 U.S.C. § 207;

B. Awarding Plaintiff overtime compensation;

C. Awarding Plaintiff liquidated damages;

D. Awarding Plaintiff front pay, back pay, and any other reasonable compensation for his retaliatory termination;

E. Awarding Plaintiff reasonable attorney's fees and costs pursuant to 29 U.S.C. § 216(b);

F. Awarding Plaintiff post-judgment interest; and

G. Ordering any other and further relief this Court deems to be just and proper.

## JURY DEMAND

Plaintiff demands trial by jury on all issues so triable as of right by jury.

Dated: 2/7/2022

Respectfully submitted,

__/s/ R. Edward Rosenberg__
R. Edward Rosenberg, Esquire
Fla. Bar No.: 88231
Sorondo Rosenberg Legal PA
1825 Ponce de Leon Blvd. #329
Coral Gables, FL 33134
E: rer@sorondorosenberg.com
T: 786.708.7550
F: 786.204.0844

Attorney for Plaintiff